**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 14-00017-VAP (DTBx)                    Date:  January 23, 2014

Title:        MARCEL B. VELASCO -v- NATIONSTAR MORTGAGE, LLC;
              RECONTRUST COMPANY; MORTGAGE ELECTRONIC
              REGISTRATION SYSTEMS, INC. AND DOES 1 THROUGH 50
              INCLUSIVE
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

            Marva Dillard                           None Present
            Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

            None                                    None

PROCEEDINGS:        ORDER TO SHOW CAUSE RE: SUBJECT-MATTER
                    JURISDICTION (IN CHAMBERS)

        On January 3, 2014, Plaintiff Marcel B. Velasco ("Plaintiff") filed the Complaint.
(Doc. No. 1.)  From the Complaint, it is unclear whether the Court has subject-matter
jurisdiction in this action.  For the reasons set forth below, the Court orders Plaintiff
to show cause why this matter should not be dismissed for lack of subject-matter
jurisdiction.

        "In civil cases, subject matter jurisdiction is generally conferred upon federal
district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal

MINUTES FORM 11                              Initials of Deputy Clerk vp for MD
CIVIL -- GEN                     Page 1

EDCV 14-00017-VAP (DTBx)
MARCEL B. VELASCO v. NATIONSTAR MORTGAGE, LLC; RECONTRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AND DOES 1 THROUGH 50 INCLUSIVE
MINUTE ORDER of January 23, 2014

question jurisdiction, 28 U.S.C. § 1331."  Peralta v. Hispanic Bus., Inc., 419 F.3d
1064, 1069 (9th Cir. 2005).  The burden of establishing jurisdiction rests on the
Plaintiff as the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of
Am., 511 U.S. 375, 377 (1994).  The Court has an independent obligation to ensure
that its subject-matter jurisdiction has been invoked properly.  Fed. R. Civ. P.
12(h)(3).

A party may invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332,
in "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is
between [c]itizens of different States."  28 U.S.C. § 1332(a)(1).  Where subject-
matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is
required.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).  In other
words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of
a different State from each plaintiff."  Id.  For the purpose of establishing diversity
jurisdiction, a corporation is a citizen of both the state in which it is incorporated and
the state in which it maintains its principal place of business.  See 28 U.S.C. §
1332(c)(1).

Under 28 U.S.C. § 1331, the Court has also jurisdiction over civil actions
"arising under" federal law.  "The presence or absence of federal-question
jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that
federal jurisdiction exists only when a federal question is presented on the face of
the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386,
392 (1987).  The only exception to this rule is where the plaintiff's federal claim has
been disguised by "artful pleading," such as where the only claim is a state claim
preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372
(9th Cir. 1987).

Here, the Complaint contains no allegations concerning his citizenship, the
citizenship of the Defendants, or the amount in controversy.  Therefore, there can be
no diversity jurisdiction.

With respect to federal question jurisdiction, the Complaint mentions a number
of federal statutes and regulations in passing, for example, 12 C.F.R. § 226.39.

MINUTES FORM 11                                    Initials of Deputy Clerk vp for MD
CIVIL -- GEN                    Page 2

EDCV 14-00017-VAP (DTBx)
MARCEL B. VELASCO v. NATIONSTAR MORTGAGE, LLC; RECONTRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AND DOES 1 THROUGH 50 INCLUSIVE
MINUTE ORDER of January 23, 2014

(Compl. at ¶ 112.)  Passing references to federal statutes do not create a substantial federal question, however.  Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003).  While the Complaint states that "[t]he purpose of this action is to clarify who the real party in interest is," the only federal claims alleged in the Complaint are various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  (See Compl. at ¶¶ 81-113, 116.)  Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute debt collection as defined in the FDCPA, district courts in this circuit have routinely held that nonjudicial foreclosures are not debt collection activities.[1]  See Rockridge Trust v. Wells Fargo, 2013 WL 5428722, at *13 (N.D. Cal. Sept. 25, 2013); see also Ligon v. JP Morgan Chase Bank, 2011 WL 2550836, at *3 (N.D. Cal. June 27, 2011) (collecting cases).

Any non-frivolous assertion of a federal claim can establish federal question jurisdiction.  Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone, 197 F.3d 1003, 1008 (9th Cir.1999).  "There is federal question jurisdiction unless the federal claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  Cook Inlet Region, Inc. v. Rude, 690 F.3d 1127, 1131 (9th Cir. 2012) cert. denied, 133 S. Ct. 1814 (2013) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 98 (1998) (internal quotations omitted).

As Plaintiff is attempting to assert FDCPA claims in the nonjudicial foreclosure context, and because Plaintiff is improperly using the FDCPA as a vehicle to obtain equitable relief, the it appears as if these claims are so "completely devoid of merit as not to involve a federal controversy."

---

[1]     Moreover, as the Complaint points out, violations of the FDCPA only entitle the injured party to statutory damages, and cannot be used as a vehicle to obtain equitable relief.  See Knippling v. Saxon Mortgage, Inc., 2012 WL 1142355, at *1 (E.D. Cal. Mar. 22, 2012) (citing Palmer v. Stassinos, 233 F.R.D. 546 (N.D. Cal. 2006).

MINUTES FORM 11                                    Initials of Deputy Clerk vp for MD
CIVIL -- GEN                        Page 3

EDCV 14-00017-VAP (DTBx)
MARCEL B. VELASCO v. NATIONSTAR MORTGAGE, LLC; RECONTRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AND DOES 1 THROUGH 50 INCLUSIVE
MINUTE ORDER of January 23, 2014

Finding that the basis of the Court's jurisdiction is unclear, the Court ORDERS Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.  Plaintiff shall file a response in writing no later than Friday, February 7, 2014.  Failure to respond shall result in dismissal of this action.

**IT IS SO ORDERED.**